UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Dale Stoll,

        Plaintiff,

and

Royal Indemnity,

        Intervenor,

v.                                                                                                   Civ. No. 05-213 (JNE/SRN)
                                                                                          ORDER

Univar USA, Inc., a Washington
corporation, Banjo Corporation, an
Indiana corporation, and Clawson
Container Company, a Michigan
corporation,

        Defendants and
        Third-Party Plaintiffs,

v.

IMI Cornelius, a Minnesota
corporation,

        Third-Party Defendant.

       This case is before the Court on Third-Party Defendant IMI Cornelius' motion for summary judgment. At issue is the application of the so-called "waive and walk" provision of the Minnesota Workers' Compensation Act. *See* Minn. Stat. § 176.061, subd. 11 (2004). In this case, John Dale Stoll was injured while working for IMI Cornelius. Royal Indemnity, which was IMI Cornelius' workers' compensation insurer at the time of the accident, paid Stoll's workers' compensation benefits on behalf of IMI Cornelius. Royal Indemnity has executed a "Waiver of Right to Recover Workers' Compensation Benefits," in which it has agreed to waive its rights to

recover workers' compensation benefits pursuant to a dismissal with prejudice of all third-party claims against IMI Cornelius.

IMI Cornelius argues that it is entitled to summary judgment and should be dismissed from this lawsuit because Royal Indemnity has agreed to waive its right to recover workers' compensation benefits in this action. Minn. Stat. § 176.061, subd. 11, provides:

> To the extent the employer has fault, separate from the fault of the injured employee to whom workers' compensation benefits are payable, any nonemployer third party who is liable has a right of contribution against the employer in an amount proportional to the employer's percentage of fault but not to exceed the net amount the employer recovered pursuant to subdivision 6, paragraphs (c) and (d). The employer may avoid contribution exposure by affirmatively waiving, before selection of the jury, the right to recover workers' compensation benefits paid and payable, thus removing compensation benefits from the damages payable by any third party.
>
> Procedurally, if the employer waives or settles the right to recover workers' compensation benefits paid and payable, the employee or the employee's dependents have the option to present all common law or wrongful death damages whether they are recoverable under the Workers' Compensation Act or not. Following the verdict, the trial court will deduct any awarded damages that are duplicative of workers' compensation benefits paid or payable.

Defendants and Third-Party Plaintiffs do not dispute that Minn. Stat. § 176.061, subd. 11 applies here.  Further, Defendants and Third-Party Plaintiffs acknowledge that IMI Cornelius and Royal Indemnity have waived any right to recover workers' compensation benefits paid and are no longer exposed to contribution claims.  Nevertheless, Defendants and Third-Party Plaintiffs argue that IMI Cornelius should not be dismissed because Minn. Stat. § 176.061, subd. 11, does not provide that an employer invoking its rights under the statute is entitled to a formal dismissal prior to the final resolution of all claims on the merits.  Additionally, Defendants and Third-Party Plaintiffs note that they are unaware of any appellate court that has construed or applied Minn. Stat. § 176.061, subd. 11, to formally dismiss a third-party defendant employer.

A United States District Court sitting in diversity jurisdiction applies the substantive law of the state in which it sits. *See Fogelbach v. Wal-Mart Stores, Inc.*, 270 F.3d 696, 698 (8th Cir. 2001). In the absence of controlling state law, the Court must predict how the state's highest court would decide the issue. *See First Colony Life Ins. Co. v. Berube*, 130 F.3d 827, 829 (8th Cir. 1997). Although the Court is unaware of any case that has addressed whether an employer is entitled to formal dismissal under Minn. Stat. § 176.061, subd. 11, there is an analogous line of cases involving *Pierringer* releases that is well established in Minnesota. Under a *Pierringer* release, a tortfeasor settles for its fair share of a plaintiff's award as to be determined later by a trier of fact. *See Rambaum v. Swisher*, 435 N.W.2d 19, 22 (Minn. 1989); *Pierringer v. Hoger*, 124 N.W.2d 106 (Wis. 1963). The settling tortfeasor is ordinarily dismissed with prejudice from the lawsuit and all cross-claims for contribution between the settlor and the remaining defendants are likewise dismissed. *See Rambaum*, 435 N.W.2d at 22.

Minn. Stat. § 176.061, subd. 11, is unambiguous; an employer who executes a waiver pursuant to its provisions avoids contribution exposure. The fault of such an employer may be presented to a trial jury and any liability offset, just as the fault of a defendant that has executed a *Pierringer* release may be presented. The Minnesota courts have decided that a defendant that has executed a *Pierringer* release is ordinarily entitled to dismissal. This Court predicts that the Minnesota Supreme Court would decide that a defendant who executes a waiver pursuant to

Minn. Stat. § 176.061, subd. 11, is similarly entitled to dismissal.  IMI Cornelius has invoked the protection of Minn. Stat. § 176.061, subd. 11.  Therefore, IT IS ORDERED THAT:

1. IMI Cornelius' Motion for Summary Judgment [Docket No. 75] is GRANTED.

2. IMI Cornelius and Royal Indemnity are DISMISSED WITH PREJUDICE as a party to this lawsuit.

Dated:  March 5, 2007

                                                s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge